UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20088-CIV-GOODMAN

**[CONSENT CASE]**

JONATHAN JAMES DINGMAN,

    Plaintiff,

v.

CART SHIELD USA, LLC d/b/a GREEN
SECURE SOLUTIONS, MAX ALEV
OZGERCIN,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Jonathan Dingman ("Dingman") has asked the Court to reconsider a portion of its Summary Judgment Order. [ECF No. 40]. Specifically, Dingman's reconsideration motion requests that the Court reconsider the portion of its Order denying him the ability to present evidence at trial of unpaid travel time. [ECF No. 39]. Defendants Cart Shield USA, LLC and Max Alev Ozgercin (collectively "Cart Shield") did not file a response to the motion and the time to do so has now expired. The Court has reviewed the motion and the relevant portions of the record. For the reasons explained below, the Court **DENIES** Dingman's motion.

I.     BACKGROUND

Cart Shield sanitizes shopping carts for grocery stores throughout the Southeastern United States. [ECF No. 39, p. 2]. Two Cart Shield employees drive a truck with an attached trailer to grocery stores in different states to sanitize the shopping carts. [*Id.*]. Cart Shield employed Dingman for approximately four months in late 2011. [*Id.*]. Dingman travelled with another Cart Shield employee to grocery stores to sanitize the shopping carts. [*Id.*].

Dingman filed a one-count complaint against Cart Shield alleging that it violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). [ECF No. 1]. Specifically, Dingman alleges, in his complaint, that he worked an average of 73 hours a week but was not paid the **extra** half-time for any hours he worked above 40, in violation of 29 U.S.C. § 207(a)(1). [*Id.* ; ECF No. 39, p. 5]. Stated another way, Cart Shield paid Dingman his regular rate of pay for all 73 hours he worked in a week, but it allegedly failed to pay him the *extra* half-time for the 33 hours he worked above 40 hours a week.

Dingman and Cart Shield filed cross-motions for summary judgment. [ECF Nos. 28; 33]. The Court entered an order denying the respective summary judgment motions. [ECF No. 39]. In its Order, the Court noted that in his response in opposition to Cart Shield's summary judgment motion, Dingman alleged, for the first time, **that he was not paid <u>at all</u> for travel time**. [*Id.* at pp. 13-14]. Applying Eleventh Circuit precedent,

2

the Court stated that it would not allow Dingman to add new facts or assert a new claim in his arguments opposing summary judgment. [*Id.* at p. 14].

Dingman filed the instant motion for reconsideration. [ECF No. 40]. Dingman requests that the Court vacate that portion of its Order not allowing Dingman to present evidence of his unpaid travel time. [*Id.* at pp. 3-4]. In support of his request, Dingman asserts that in his complaint he alleged that as part of his employment he would travel throughout the Southeastern United States and that nowhere in his complaint did he "indicate that his average of weekly hours does not include travel time." [*Id.* at pp. 1-2]. In other words, Dingman concedes that the 73 hours he alleged in his complaint he worked in a week *included* **his travel time**.

## II.  LEGAL STANDARD

While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b). *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993); *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357 (S.D. Fla. 2004). "If the motion is served within ten days of the rendition of the judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Williams*, 320 F. Supp. 2d at 1357 (internal citations omitted). Dingman's motion was

filed within ten days of the Court's Summary Judgment Order and, thus, Rule 59(e) applies.

Rule 59(e) sets forth no specific criteria as justification for reconsideration. Nevertheless, the Eleventh Circuit has recognized that the only two[1] "grounds for granting [a Rule 59] motion are [1] newly-discovered evidence or [2] manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

A motion for reconsideration under Rule 59(e) cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Stated another way, "[r]econsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Int'l Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Finally, the denial of a Rule 59 motion is within

---

[1] Courts in this District have recognized the following *three* grounds for granting a Rule 59 motion: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002); *see also Osorio v. Dole Food Co.*, No. 07-22693, 2010 WL 571806, at *2 (S.D. Fla. Feb. 12, 2010). The Court notes that the Eleventh Circuit has recognized these grounds as exceptions to the law of the case doctrine. *See, e.g., Oliver v. Orange Cnty., Fla.*, 456 F. App'x 815, 818 (11th Cir. 2012) ("Moreover, there are exceptions to the law of the case doctrine, namely, where the defendant can show either (1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice.") (citing *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985)).

the discretion of the trial court and is reviewed for abuse of discretion on appeal. *Arthur*, 500 F.3d at 1343.

## III.   ANALYSIS

Dingman alleges that the Court erred in ruling that he could not present evidence at trial that he was not paid **at all** for travel time. Dingman contends that in his complaint he alleged that he was not paid for travel time and therefore he should be able to seek damages for completely unpaid travel time. But the Court has thoroughly reviewed Dingman's complaint and finds no such allegation.

Paragraph 13 of Dingman's complaint contains the relevant allegations:

> From about 8/28/2011 through about 12/29/2011, Plaintiff, JONATHAN JAMES DINGMAN, worked an average of 73 hours per week and was paid an average of $13.70 per hour, but was never paid the extra half-time rate for weekly hours worked over 40 as required by the Fair Labor Standards Act and Plaintiff therefore claims the unpaid half-time for each overtime hour worked above 40 in a workweek.

[ECF No. 1, ¶ 13]. Dingman conceded in the instant reconsideration motion that his travel time was included in the 73 hours he allegedly worked. Thus, as is clear from his complaint, there is no allegation that he was not paid *at all* for travel time. Rather, all that Dingman asserted is that, although he was paid his regularly hourly rate for *all* the hours he worked, he was not paid the extra half-time for any hours he worked above 40 hours -- which may, or may not, have included travel time.

The Court can also find no allegation of completely unpaid travel time in the record (other than at the summary judgment phase). For example, in his Statement of Claim in response to the Court's Notice of Practice to set out his damages [ECF No. 5], Dingman did not allege that he was not paid for travel time. [ECF No. 9]. Indeed, Dingman's Statement of Claim only alleges damages for unpaid *half*-time, not for any completely unpaid travel time. [*Id.*].

As the Eleventh Circuit has recently made clear, a party may not amend the complaint through argument at the summary judgment stage. *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1257 n.27 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 856 (2013). Similarly, a party cannot unilaterally amend or alter its claims or defenses at the summary judgment phase without leave of court. *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1227 (11th Cir. 2013). This is precisely what Dingman is trying to do here. Having failed to allege in his complaint that he was not paid *at all* for travel time and having failed to file a motion to amend his complaint to pursue this claim, Dingman is now improperly attempting to add facts to assert a claim[2] for (completely) unpaid travel time. The law is clear that Dingman may not, without leave

---

[2] To be sure, a plaintiff pursuing a cause of action under the overtime provisions of the FLSA need not anticipate a potential defense under the Employee Commuting Flexibility Act of 1996 ("ECFA") in his complaint by having to allege that the overtime compensation he seeks to recover consists specifically of travel time not covered by the FLSA exempt travel time under the ECFA. *See Burton v. Hillsborough Cnty., Fla.*, 181 F. App'x 829, 839-40 (11th Cir. 2006).

of court, add facts or alter his claims at the summary judgment phase. *Id.* Accordingly, the Court denies Dingman's motion for reconsideration.

To be clear, nothing in this Order, or the Court's prior Order, prohibits Dingman from presenting evidence at trial that he was not paid the extra half-time for his travel time. Dingman, however, may not present evidence that he was not paid *at all* for travel time.

## IV. CONCLUSION

For the reasons stated above, the Court **denies** Dingman's motion for reconsideration.

**DONE AND ORDERED** in Chambers, in Miami, Florida, May 14, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record