UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20088-CIV-GOODMAN

**[CONSENT CASE]**

JONATHAN JAMES DINGMAN,

   Plaintiff,

v.

CART SHIELD USA, LLC d/b/a GREEN
SECURE SOLUTIONS, and MAX ALEV
OZGERCIN,

   Defendants.
_____/

<u>**ORDER ON PLAINTIFF'S MOTION *IN LIMINE***</u>

This Cause is before the Court on Plaintiff Jonathan Dingman's ("Dingman") corrected motion *in limine*. [ECF No. 50]. Dingman requests the Court to exclude any reference by Defendants Cart Shield USA, LLC and Max Alev Ozgercin (collectively "Cart Shield") to attorney's fees, costs, liquidated damages, and Dingman's criminal history. The Court has reviewed the motion, Cart Shield's response in opposition, Dingman's reply, and the relevant portions of the record. For the reasons explained below, the Court **grants in part, denies in part, and reserves ruling for parts of** Dingman's motion.

**I.     BACKGROUND**

Cart Shield sanitizes shopping carts for grocery stores throughout the Southeastern United States. [ECF No. 39, p. 2]. Cart Shield employed Dingman for approximately four months in late 2011. [*Id.*]. Dingman filed this one-count complaint against Cart Shield, alleging that it violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). [ECF No. 1]. Dingman and Cart Shield filed cross-motions for summary judgment. [ECF Nos. 28; 33]. The Court entered an order denying the respective summary judgment motions. [ECF No. 39].

Dingman filed the instant motion *in limine* to prevent any reference by Cart Shield to attorney's fees, costs, liquidated damages, and Dingman's criminal history. [ECF No. 50].

**II.    DISCUSSION**

   **A. <u>Attorney's Fees, Costs, and Liquidated Damages</u>**

Dingman seeks to prevent any reference to attorney's fees, costs, and liquidated damages because, he argues, they: have little probative value; would be unduly prejudicial to his case; and are to be determined by the *Court* after trial, and not the jury. [ECF No. 50, pp. 1-2].

In response, Cart Shield argues that it should be permitted to refer to attorney's fees, costs, and liquidated damages to show Dingman's motivation for continuing this lawsuit after admitting in his deposition that he was paid in full. [ECF No. 52, p. 2].

2

Cart Shield has offered no legal basis for allowing any reference to attorney's fees and costs and the Court can find none. To the contrary, the weight of authority appears to exclude any reference to attorney's fees and costs. For example, the Eleventh Circuit's 2013 civil pattern jury instructions has deleted the former pattern jury instruction on attorney's fees and costs. *Compare* Eleventh Circuit Civil Pattern Jury Instructions (2013), *with* Eleventh Circuit Pattern Jury Instructions (Civil Cases), p. 571 (2005).[1] The Court finds that, contrary to Cart Shield's assertion, the amount of attorney's fees and costs is not relevant to any jury issue at trial. Accordingly, the Court grants Dingman's request. Cart Shield shall not refer to attorney's fees and costs at trial. *See Tapia v. Florida Cleanex, Inc.*, No. 09-21569-CIV-TORRES, ECF No. 126, (S.D. Fla. Mar. 27, 2013).

Similarly, the Court finds that there is no legal basis to allow Cart Shield to refer to liquidated damages at trial. *See* Eleventh Circuit Civil Pattern Jury Instructions § 4.14 cmt. II.B (2013) ("[u]nder the plain language of the [FLSA] statute, [liquidated damages] is a question for the court to determine not the jury."). Therefore, the Court grants Dingman's request. Cart Shield shall not refer to liquidated damages at trial. *See Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913-CIV-SIMONTON, 2011 WL 6030073 (S.D. Fla. Oct. 24, 2011) (prohibiting parties from referring to liquidated damages at trial); *accord Tapia*, No. 09-21569-CIV-TORRES, ECF No. 126.

---

[1] The 2005 pattern jury instruction on attorney's fees and costs often served as the legal basis to allow counsel to refer to attorney's fees and costs. *See, e.g., Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913-CIV-SIMONTON, 2011 WL 6030073 (S.D. Fla. Oct. 24, 2011).

Although it is improper for Cart Shield to refer to attorney's fees, costs, and liquidated damages, Cart Shield may *inquire* about Dingman's motivation for filing and maintaining this lawsuit, the basis of his claim and formulation of damages, the circumstances surrounding the apparent change from his deposition testimony regarding any amounts owed to him, and so forth. "These are proper areas of impeachment that go to the validity of [Dingman's] claim." *Tapia,* No. 09-21569-CIV-TORRES, ECF No. 126.

B. **Dingman's Criminal History**

In the second part of his motion, Dingman requests that the Court prohibit any reference to all, or some, of his prior criminal convictions because: any reference would be unduly prejudicial under Fed. R. Evid. 403; none of his convictions involve a false statement or dishonest act and are therefore excluded under Fed. R. Evid. 609(a); three of his prior convictions are more than ten years old and are therefore excluded under Fed. R. Evid. 609(b); and some of his convictions are *nolo contendre* judgments, which are not convictions. [ECF Nos. 50, pp. 2-3; 50-1]. In the alternative, Dingman argues that if the Court does not exclude all references to his prior criminal convictions, then Cart Shield should not be allowed to elicit the specific offenses or details of his prior criminal acts and should be limited to discussing Dingman's probation as it relates to this case.

In response, Cart Shield argues that: (1) Dingman's Florida conviction for failure to register as a sex offender involved a false statement or dishonest act; (2) Dingman's

three prior convictions are not more than 10 years old because he was released from confinement in 2003; and (3) Dingman's prior criminal convictions are relevant because they relate to his probation which is an issue in this case. Cart Shield also notes that there was another Florida conviction which Dingman failed to disclose in his motion.

1. Dingman's *Nolo Contendre* Convictions

The Court rejects Dingman's argument that because some of his convictions are *nolo contendre* judgments, they are not convictions and, as such, are excludable under Fed. R. Evid. 609. The overwhelming case law on this subject is that *nolo contendre* judgments are not excludable under Rule 609. *Brewer v. City of Napa*, 210 F.3d 1093, 1096 (9th Cir. 2000) ("evidence of a conviction based on a no contest plea can be admitted for impeachment purposes under Rule 609"); *United States v. Sonny Mitchell Ctr.*, 934 F.2d 77, 79 (5th Cir. 1991) (affirming district court's ruling allowing government to impeach with four prior *nolo contendre* convictions); *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV-TORRES, 2008 WL 5505415 (S.D. Fla. Oct. 21, 2008) (discussing admission of *nolo contendre* convictions).

> 2. Whether One of Dingman's Convictions Involved a False Statement or Dishonest Act

The parties disagree as to whether Dingman's Florida conviction for failure to register as a sex offender, in violation of § 943.0435, Fla. Stat. (2007), involved a false statement or dishonest act.[2] [ECF No. 50-1, pp. 3-8].

Federal Rule of Evidence 609(a)(1) provides that a criminal felony conviction "must be admitted," subject to Rule 403, in a civil case. Thus, under this subsection, the Court has the discretion to exclude an otherwise admissible felony conviction under Rule 403.

Under Rule 609(a)(2), however, evidence of a criminal conviction of any crime "must" be admitted, regardless of the punishment (i.e., even if it is a misdemeanor) if "the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Thus, under this subsection, the Court does **not** have discretion to exclude a conviction, if that conviction involved a dishonest act or false statement. *United States v. Toney*, 615 F.2d 277 (5th Cir. 1980), *cert. denied,* 449 U.S. 101 (1980) (district court has no discretion to prohibit impeachment of a witness with a conviction for a crime involving dishonesty or false statement); Mueller & Kirkpatrick, *Federal Evidence* § 6.46 (2012).

---

[2] The parties appear to agree that none of Dingman's other convictions involved a false statement or dishonest act.

6

The party seeking to introduce the conviction has the burden of showing the court that it should be admitted. *United States v. Lewis,* 486 F.2d 217 (5th Cir. 1973); Fed. R. Evid. 609, advisory committee's notes, 2006 amendments; Joseph M. McLaughlin, Ed., *Weinstein's Federal Evidence* § 609.21.

Therefore, if Dingman's felony conviction for failure to register as a sex offender involved dishonesty or a false statement, then it must be admitted. If it does not, then it must be admitted *if* the balancing test of Rule 403 results in a conclusion that the probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or a needless presentation of cumulative evidence.

Cart Shield has not met its burden of showing that Dingman's failure to register as a sex offender involved a dishonest act or false statement. Cart Shield has not argued that the statutory elements of the crime indicate that "it is one of dishonesty or false statement." Fed. R. Evid. 609, advisory committee's notes, 2006 amendments. Nor has it offered any information "such as an indictment, a statement of admitted facts, or jury instructions" to show that the Florida state court had to find, or that Dingman admitted to, an act of dishonesty or false statement in order to be convicted. *Id.* And the Court rejects Cart Shield's assertion that *State v. Giorgetti,* 868 So. 2d 512 (Fla. 2004), stands for the proposition that a conviction for failure to register as a sex offender in Florida is a false statement or dishonest act. Rather, all that case stands for is that Florida's failure to

7

register as a sex offender statute includes an element of *intent. Id.* at 519. Accordingly, the Court finds that Cart Shield has not met its burden of showing that this conviction must be admitted under Rule 609(a)(2), and as such, the Court does not address the issue on the merits of whether a Florida conviction for failure to register as a sex offender involves a dishonest act or false statement.

As a result, Rule 609(a)(1) governs Dingman's conviction for failure to register as a sex offender and, therefore, is subject to the Rule 403 balancing test. The Court finds that the probative value of this conviction would be substantially outweighed by the danger of unfair prejudice. In the Court's view, once the jury learns that Dingman is a convicted sex offender, the risk of undue prejudice will be instantly generated. Thus, the Court will permit Cart Shield to introduce evidence that Dingman has a felony conviction for failure to advise authorities of a prior felony conviction. This will permit the jury to understand the general nature of the offense -- failing to comply with a notice or registration requirement concerning a prior felony -- while excluding the potentially devastating evidence about the inflammatory nature of the underlying offense (i.e., excluding evidence that Dingman is a sex offender).

    3. <u>Other Issues Related to Dingman's Criminal History</u>

The Court cannot resolve the parties' remaining contentions concerning Dingman's criminal history because of the incomplete record before it. For example, the record is unclear as to **when Dingman was released** from confinement for his Michigan

8

convictions, or if there is in fact another felony conviction which Dingman did not bring to the Court's attention. Accordingly, the Court reserves ruling on whether evidence of the other criminal convictions may be admitted at trial. Counsel shall be prepared to submit competent evidence about Dingman's prior criminal history, including his custody release dates, on the morning of the first day of trial.

### III. CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

1. The parties shall not refer to attorney's fees, costs, or liquidated damages during the trial.

2. Cart Shield may refer generally to Dingman's prior felony conviction (for failure to register as a sex offender) subject to the limitations outlined above (which do not permit the express reference to a conviction for a sexual offense).

3. Cart Shield may refer at trial to the fact that Dingman was on probation, only if his probation required his employer to adjust his work schedule or otherwise accommodate his probation status, such as, for example, making sure that he was in a specific geographic location at a particular time. Dingman may present evidence to the Court establishing that his probation was not an issue, in which case the Court may revisit the ruling.

4.       The Court will hold oral argument as to whether to exclude Dingman's other prior criminal acts **on July 8, 2013 at 9:00 a.m**. Counsel shall have evidentiary support for the statements made in their briefs.

5.       The Court notes that this Order rules on an *in limine* motion. As such, the "rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000).

**DONE AND ORDERED** in Chambers, in Miami, Florida, July 3, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE